**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-1074**

_____

BELINDA LIPSCOMB FOUSHEE, as Personal Representative of the Estate of Anneka Foushee,

       Plaintiff - Appellant,

    v.

R.T. VANDERBILT HOLDING COMPANY, INC., Individually and as Successor in Interest to R.T. Vanderbilt Company, Inc.; VANDERBILT MINERALS, LLC, f/k/a R.T. Vanderbilt Company, Inc., Individually and as Successor in Interest to International Talc Co.,

       Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:17-cv-00071-M)

_____

Submitted:  March 31, 2023                      Decided:  April 11, 2023

_____

Before WILKINSON, DIAZ, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Donald P. Blydenburgh, SIMMONS HANLY CONROY, New York, New York; William M. Graham, WALLACE & GRAHAM, P.A., Salisbury, North Carolina, for Appellant.  Gerald Anderson Stein, II, Michael Duane Jones, HEDRICK GARDNER KINCHELOE & GAROFALO, LLP, Charlotte, North Carolina; Pratik A. Shah, Lide E. Paterno, AKIN GUMP STRAUSS HAUER & FELD LLP, Washington, D.C., for

Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Belinda Lipscomb Foushee ("Plaintiff") sued R.T. Vanderbilt Holding Company and Vanderbilt Minerals, LLC (collectively, "Defendants"), claiming negligent failure to warn, breach of implied warranty, negligent design, gross negligence, and wrongful death. Plaintiff alleged that her daughter, Anneka Foushee ("Foushee") contracted and ultimately died from mesothelioma after she was exposed to Defendants' asbestos-containing product. The district court granted summary judgment to Defendants, and Plaintiff appeals. Finding no error, we affirm.

We review de novo the district court's order granting summary judgment. *Calloway v. Lokey*, 948 F.3d 194, 201 (4th Cir. 2020). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted).

Because this case involves state-law tort claims, we apply North Carolina law. *Connor v. Covil Corp.*, 996 F.3d 143, 148 (4th Cir. 2021). To establish that Defendants are liable for asbestos exposure under North Carolina law, Plaintiff "must prove" that Defendants' "alleged misconduct was a substantial factor causing" Foushee's death. *Id.* To do so, Plaintiff must satisfy "the 'frequency, regularity, and proximity' test" set forth in *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162 (4th Cir. 1986). *Connor*, 996 F.3d at 149. Under this test, "[t]o survive summary judgment on the issue of substantial

3

factor causation, . . . [P]laintiff must introduce 'evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where [Foushee] actually worked.'" *Id.* (quoting *Lohrmann*, 782 F.2d at 1162-63).

Our review of the record convinces us that Plaintiff did not make a sufficient showing of exposure to survive summary judgment. Accordingly, we affirm the district court's order granting Defendants' motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*